## DENNIS McMULLEN *vs.* PATRICK RILEY.

An oral agreement to hire a shop for a year at a certain rent, and to pay the landlord the amount expended by him in fitting it up, is within the statute of frauds; and no action will lie upon it for the amount so expended.

ACTION OF CONTRACT to recover the amount paid by the plaintiff for labor and materials in the construction of certain shelves, drawers and counters in the plaintiff's shop.

At the trial in the court of common pleas, a witness called by the plaintiff testified "that, being at work for the plaintiff, he was called upon by the defendant, who told him that he was going to occupy the plaintiff's shop, and wanted him to hear and witness a verbal bargain which the plaintiff and defendant had agreed on; that the parties told him that the bargain was that the defendant agreed to occupy the plaintiff's shop and pay the plaintiff the price of the fixtures, and the plaintiff on his part agreed to let the store to the defendant and to furnish the fixtures; that nothing was said then, in the presence of the witness, about the rent to be paid, or how long the defendant was to hire the store;" but on cross-examination the witness stated "that he had at another time heard the plaintiff

say that the defendant was to pay $125 for a year." It appeared that the fixtures could be removed without material injury to the building, and that the defendant gave directions to the workmen in regard to their construction ; but that he never did occupy the shop.

*Mellen*, C. J., at the request of the defendant, ruled that the plaintiff could not recover without evidence of a promise in writing. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*P. P. Todd*, for the plaintiff. The defendant's promise to pay for the fixtures was only a promise to pay for labor and materials, and not for any interest in lands, and therefore not within the statute of frauds. 2 Parsons on Con. 314, 315. *Brackett* v. *Evans*, 1 Cush. 82. *Frear* v. *Hardenbergh*, 5 Johns. 272. *Benedict* v. *Beebee*, 11 Johns. 145. *Hoby* v. *Roebuck*, 7 Taunt. 157 The fact, that the agreement for a lease was within the statute, does not defeat the plaintiff's right to recover upon this distinct agreement. *Irvine* v. *Stone*, 6 Cush. 511, 512. *Rand* v. *Mather*, 11 Cush. 1.

*G. F. Hoar*, for the defendant.

THOMAS, J. The oral contract of the parties was, in substance and effect, that the plaintiff was to let his store to the defendant for one year, and put in certain fixtures for its more convenient use. The defendant was to pay a rent of one hundred and twenty five dollars and the expense of the fixtures.

The defendant did not occupy the store, though no obstacle seems to have been interposed by the plaintiff. The action is brought to recover the amount expended for the fixtures.

The agreement for the lease is clearly within the statute of frauds. The question is, whether the contract can be severed, and enforced for that which is good ; or whether it is in its nature entire, and its parts dependent. We think the agreement as to the fixtures was dependent wholly upon that for the lease. The parties made no agreement for a lease without the fixtures, or for the fixtures except with a view to the lease. When the contract for the lease falls, the dependent stipulation as to the fixtures falls with it. *Irvine* v. *Stone*, 6 Cush. 508. *Vaughan* v *Hancock*, 3 C. B. 766. *Exceptions overruled.*